## Case No. 2,207.

### BURROWS et al. v. LEHIGH ZINC CO.

[1 Ban. & A. 529;[1] 10 Phila. 262: 31 Leg. Int. 332.]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1874.

PATENTS—FURNACE FOR MANUFACTURE OF WHITE OXIDE OF ZINC—ANTICIPATION.

The suit was brought upon a patent, granted to John E. Burrows, for a furnace to be used in

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

the manufacture of white oxide of zinc. Burrows filed his application in October, 1852, and sought, in this suit, to carry his invention back to the date of experiments, made by him in the early part of 1851. It appeared that, Samuel Wetherill filed a caveat in the patent office, in September, 1852, dated in July previous, and, about that time, erected an experimental furnace to illustrate a new method of producing white oxide of zinc, which embodied the essential features of Burrows' invention. This furnace was successful, and a patent was afterward granted to Wetherill for his invention: *Held*, that Burrows' invention was anticipated.

[In equity. Bill by John E. Burrows against the Lehigh Zinc Company for infringement of patent No. 13,416, granted to complainant August 15, 1855, for a furnace to be used in the manufacture of white oxide of zinc. Bill dismissed.

[For decision on interference awarding priority of invention to complainant as between him and Wetherill, see Burrows v. Wetherill, Case No. 2,208.]

Robert T. Wild, for complainant.
George Harding, for defendant.

McKENNAN, Circuit Judge. The patent, in controversy here, was granted to the complainant Burrows for a furnace to be used in the manufacture of white oxide of zinc. Assuming, that the furnaces in use by the defendants, are within the scope of this patent, a fundamental question in the case, is, whether Burrows was the first inventor of them.

Simply a question of fact, as this is, I do not deem it necessary to discuss the voluminous testimony touching it, especially, as this testimony cannot be fully comprehended, and properly weighed, without the aid of the models and exhibits in the case. A careful consideration of it, has brought me to the conclusion, that Burrows was not the first inventor of the furnace employed by the defendants.

In September, 1852, Samuel Wetherill filed a caveat, dated in July previous, in the patent office, and, about that time, erected an experimental furnace, to illustrate a new method of producing white oxide of zinc, for which a patent was afterward granted to him. This experiment was successful; and the furnaces now complained of, as infringements, were originally constructed with special reference to the practice of the Wetherill process, and in substantial conformity to his experimental furnace.

Burrows made the application for his patent, in October, 1852, but, it is sought to carry back his invention to the date of experiments, made by him, in the early part of 1851. According to the preponderating weight of the proofs, these experiments were unsuccessful, and, neither as to the form and design of the furnace used, or the method of its use, was the peculiar structure or special adaptability of the defendants' furnaces indicated. The mechanical devices,

which were common to both, are old, and could not be exclusively appropriated.

The scope of Burrows' patent, in so far as it may be taken to embrace the defendant's furnace, must, therefore, be limited to the date of his application, and, as the form and adaptation of their furnaces were devised by Wetherill, and the furnace was successfully used by him, before that date, the complainant's bill must be dismissed, with costs, and it is so ordered.